UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISON

| | |
|---|---|
| ALBERT F. STEPHENS, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: |
| | ) |
| TRANSUNION, LLC, and | ) |
| HSBC BANK OF NEVADA, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, in the above styled cause, and for his Complaint against the Defendants[1] states as follows:

### Jurisdiction & Venue

1.  This is an action brought by a consumer for violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq. [hereinafter "FCRA"])[2] regarding inaccurate entries on Plaintiff's credit reports. Therefore, subject matter jurisdiction exists under 28 U.S.C. Section 1331.

2.  This action is also brought under Alabama state law. These claims are brought under 28 U.S.C. Section 1332 as there exists complete diversity and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000), exclusive of costs and interests.

---

[1] Any reference to Defendant or Defendants refers to both singular and plural.

[2] Any reference the Fair Credit Reporting Act or any part thereof encompasses all relevant parts and subparts thereto.

3. Venue is proper in this Court under 28 U.S.C. Section 1391(b) as the events took place in this Judicial District and all Defendants reside in this Judicial District as all Defendants are subject to personal jurisdiction in this Judicial District.

## Parties

4. The Plaintiff, ALBERT F. STEPHENS, III ["Plaintiff" or "Stephens"], is a natural person who resides within this Judicial District.

5. Defendant TRANSUNION, LLC ["TransUnion"] is a foreign company that engages in the business of maintaining and reporting consumer credit information and does business in this Judicial District.

6. Defendant HSBC Bank of Nevada ["HSBC"] is a foreign company that engages in business in this Judicial District.

## Factual Allegations

7. On or about August 15, 2005, Stephens filed a Chapter Seven Bankruptcy Petition in the Northern District of Alabama, Case Number 05-007749-7.

8. On Schedule "F" "CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS" Stephens listed the following creditor:

    HSBC NV
    Attn: Bankruptcy Department
    1441 Schilling Place
    Salinas, CA 93901
    Account Number: 5408-0100-2303-xxxx
    Amount of Claim: $1,673.00.

9. This information relative to HSBC's contact information came from an Experian Credit Report dated June 11, 2005, which listed HSBC, with the address, account number and balance as listed above in paragraph eight (8).

10. On or about August 16, 2005, the Court issued a "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines" which was sent to all creditors, including HSBC, the creditor for the above-described account.

11. This Notice told all creditors that the "Meeting of Creditors" would occur on September 15, 2005. It also stated that the deadline to "Object[] to Discharge of the Debtor or to Determine Dischargeability of Certain Debts" was November 14, 2005.

12. HSBC did not attend the meeting of creditors, did not file any objection to discharge of Stephens, and did not file any request to determine whether its debt should be discharged.

13. On December 6, 2005, Judge Mitchell discharged the debtor by written order that was sent to all creditors, including HSBC.

14. In May 2006, TransUnion received a certified letter from Stephens enclosing his discharge order and requesting that all of his accounts be investigated to make sure they were reported accurately and he requested that TransUnion "Please send a copy of the discharge order to each furnisher to help them in their investigation." (Emphasis added).

15. On May 26, 2006, TransUnion issued its response to Stephens' letter in its file #156086319. The TransUnion response stated, "Our investigation of the dispute you submitted is now complete."

16. Stephens cannot tell whether TransUnion investigated any of his accounts as he directed because the only item listed in the "Investigation Results" mentions that the Chapter 7 Bankruptcy Filing has "new information".

17. TransUnion either sent the dispute as required by law to HSBC or failed to do so.

18. The trade line "HSBC #5408010023031210" improperly shows a balance of "$1,983" and a "Pay Status: >120 DAYS PAST DUE<". There is no mention that this account was included in the bankruptcy filing that resulted in a discharge of this debt.

19. By way of contrast, the Equifax Report #6157058389, dated June 7, 2006, shows this account – HSBC as a "blank" balance and the current status is reported as "Account included in Bankruptcy".

20. The HSBC account is not reported on the Experian Report # 4290987199, dated May 26, 2006.

21. The conduct of the Defendants has proximately caused Stephens past and future monetary loss, past and future damage to her credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

22. It is a practice of all of the Defendants to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FCRA and state law.

23. All actions taken by employees, agents, servants, or representatives of any type for the Defendants were taken in the line and scope of such individuals' (or entities') employment, agency or representation.

24. All actions taken by the Defendants were done with malice, were done willfully, and were done with either the desire to harm Stephens and/or with

the knowledge that their actions would very likely harm Stephens and/or that their actions were taken in violation of the FCRA and state law and/or that they knew or should have known that their actions were in reckless disregard of the FCRA and state law.

25. All Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports and as such all Defendants are subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by these Defendants and similar companies.

## FIRST CLAIM FOR RELIEF
### Violating the Fair Credit Reporting Act

26. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

27. Stephens is a "consumer," as codified at 15 U.S.C. § 1681a(c).

28. Equifax, Experian, and TransUnion are each a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(e).

29. HSBC is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

30. Stephens notified Equifax, Experian, and TransUnion directly of a dispute on the HSBC account's completeness and/or accuracy, as reported.

31. Equifax reported the HSBC balance correctly but TransUnion either failed to delete information found to be inaccurate or reinserted the information without following the dictates of the FCRA.

32. Under the FCRA, a discharged debt must be reported as a "0" balance or, perhaps, a "blank" balance, but in any event the balance cannot contain a number greater than zero given the discharge injunction, which was violated herein.

33. TransUnion never notified Stephens that his dispute was frivolous or irrelevant, or that he had failed to provide sufficient information to investigate the disputed information.

34. Stephens alleges that at all times TransUnion failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of her credit report, violating 15 U.S.C. § 1681e(b).

35. Stephens alleges that all Defendants failed in all respects to conduct a proper and lawful reinvestigation from start to finish.

36. The Defendants improperly caused and/or allowed an impermissible pull of Stephens' TransUnion credit report violating the FCRA.

37. All actions taken by the Defendants were done with malice, were done willfully, and were done with either the desire to harm Stephens and/or with the knowledge that their actions would very likely harm Stephens and/or that their actions were taken in violation of the FCRA and state law and/or that knew or should have known that their actions were in reckless disregard of the FCRA and state law.

38. All of the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

## SECOND CLAIM FOR RELIEF
### State Law Claims

39. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

40. Defendants published false information about Stephens by reporting the HSBC account with a false balance.

41. Stephens alleges that the publication was done maliciously, without privilege, and with a willful intent to injure Stephens.

42. Such publication constitutes defamation under Alabama law.

43. The Defendants invaded the privacy of Stephens as set forth in Alabama law.

44. The Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Stephens as set forth in this complaint. This includes the initial reporting of the HSBC account; the handling of the investigations on the account; and all other aspects as set forth in this Complaint.

45. Such negligence, malice, wantonness, recklessness, and/or intentional conduct proximately caused the damages set forth in this complaint.

## RELIEF SOUGHT

46. An award of statutory, actual, compensatory and punitive damages, and costs of the action including expenses, together with reasonable attorney's fees.

47. Stephens also requests all further relief to which he is entitled under Federal or State law, whether of a legal or equitable nature.

Respectfully Submitted,

*(signature)*

John G. Watts ASB-5819-T82J
Attorney for Plaintiff

**OF COUNSEL:**
Watts Law Group, P.C.
15 Office Park Circle, Suite 206
P.O. Box 531168
Birmingham, AL 35253
(205) 879-2447
(205) 879-2882 *facsimile*
john@wattslawgroup.com

*(signature)*

M. Stan Herring ASB-1074-N72M
Attorney for Plaintiff

**OF COUNSEL:**
M. Stan Herring, P.C.
201 Avon Place
700 29th Street South
Birmingham, AL 35233
(205) 714-4443
(205) 714-7177 *facsimile*
msh@mstanherringlaw.com

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

*(signature)*

**Attorney for Plaintiff**

**Serve defendants via certified mail at the following addresses.:**

TransUnion, LLC
Prentice-Hall Corporation System Inc
150 S. Perry St.
Montgomery, AL  36104

HSBC Bank of Nevada
Attention Executive Services
1441 Schilling Place
Salinas, CA  93901